BOND SCHOENECK & KING

1 Gateway Center, Suite 2600, Newark, New Jersey 07102 | **bsk.com**

**THOMAS A. MARTIN, ESQ.**
tmartin@bsk.com
P: 646.253.2311

December 9, 2025

**VIA ECF**

Hon. Evelyn Padin
United States District Judge for the District of New Jersey
United States District Court for the District of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re: *BRYANT v. MYERS et al., 2:25-cv-16688-EP-AME*
*OPPOSITION TO REQUEST FOR DEFAULT*

Dear Judge Padin:

We represent Defendant New York Film Academy ("NYFA") in the above-referenced action and respectfully request denial of the plaintiff's motion for default judgment.

Courts generally disfavor resolving disputes by default, and even if a default is entered, "the standard for setting aside a default is less stringent than for setting aside a default judgment." *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 601 (D.N.J. 2003) (citing *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982). Here, there are several reasons why a default judgment is not proper.

**First**, default has not been entered by the clerk against NYFA and an answer was filed by NYFA on November 18, 2025.

**Second**, to our knowledge, the Complaint in this action has not been formally served on NYFA. The clerk entered a document on November 3, 2025 (Docket No. 11) contending that service had been made on NYFA on October 23, 2025 via personal delivery to NYFA's receptionist, Erica Doe. Placing aside the question whether any NYFA receptionist is legally authorized to accept service of process, NYFA does not employ an Erica Doe (or any Erica) as a receptionist in its New York offices.

**Third**, there is no prejudice to the plaintiff in denying entry of default and NYFA has several meritorious defenses, as evident in the Answer that was filed by NYFA. In addition to insufficiency of the service of process, the plaintiff lacks standing to bring a claim of copyright infringement as the allegedly infringed visual work is not the subject of a US Copyright Registration certificate, which is a statutory perquisite to the filing of action for

infringement. *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019). The US Copyright Registration certificate that was provided with the Complaint clearly indicates on its face that it is for a textual work, not the film in question, and that the entity Croatan Productions is the owner of the copyright, not Plaintiff.

**Finally**, Plaintiff's motion for default appears to contain admissions that allegedly infringing screening of the film at NYFA was actually **private** screening. Dkt. 24 at Exhibit 2, page 43 ("I didn't know we couldn't see the movie at a private screening"). It is black letter law that only public performances of a film can constitute copyright infringement. 17 U.S.C. § 106(4) and (5).

Should the Court desire a full briefing on this matter, we would be pleased to do so.

Respectfully,

BOND, SCHOENECK & KING, PLLC

Thomas A. Martin

cc: Kaitron Bryant (via first class mail)
Malik Myers (via first class mail)