NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KAITRON BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>MALIK MYERS,<br><br>    Defendant. | No. 25cv16688 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Kaitron Bryant proceeds *pro se* and seeks to sue Defendant Malik Myers, who also proceeds *pro se*, for direct copyright infringement, contributory and vicarious infringement, false representation and misattribution, and willful and continuing infringement. D.E. 1 ("Complaint") at 1–2. Defendant has moved to dismiss Plaintiff's claims on grounds that Plaintiff brought these same claims before another tribunal and already lost. *See* D.E. 23 ("Motion to Dismiss" or "Mot."). In his Motion to Dismiss, Defendant also seeks subpoenas to investigate Plaintiff. Plaintiff did not oppose the Motion to Dismiss and Defendant did not reply. *See* Dkt.

Because the Copyright Claims Board already dismissed Plaintiff's claims on merits-based grounds and because amendment would be futile, this Court will **GRANT** the Motion to Dismiss **in** part and **DENY** it **in** part. Specifically, the Court will **DISMISS** Plaintiff's claims *with prejudice* and **DENY** Defendant's request for subpoenas.

## I.    BACKGROUND

### A.    The Copyright Claims Board Action

Plaintiff brought an action before the Copyright Claims Board ("CCB"), alleging that Defendant "had publicly displayed a film titled 'For Lila'" without Plaintiff's authorization. *See*

*Bryant v. Myers*, 25-CCB-397 ("CCB Action"), D.E. 6 at 1 (Sept. 30, 2025). The CCB acknowledged that Defendant was the "film's director, editor, and casting director," and that despite Plaintiff's claim that Defendant had no ownership interest in the film, the parties' contract clearly indicated that Plaintiff gave Defendant "a 10% ownership interest in the 'For Lila' film footage." *Id.* Because it is "a matter of basic copyright law, [that] co-owners of a copyright cannot be liable to one another for infringement of that copyright," the CCB found that, as a matter of law, Defendant could not infringe Plaintiff's copyright. *Id.* The CCB accordingly dismissed Plaintiff's claims and closed his case. *Id.* Plaintiff did not seek review of that judgment.

## B.    This Action

Here too, Plaintiff brings an action against Defendant for Defendant's public screening of the "For Lila" film. Complaint at 1; *see also*

Plaintiff seeks leave to file a proposed amended complaint, D.E. 3, bringing the same causes of action, as well as tortious interference with prospective economic advantage, against Myers and other proposed defendants. D.E. 34-1 ("Proposed Amended Complaint") at 3. Plaintiff repeats his claims that Defendant had no authority to use or exhibit the "For Lila" film. Complaint at 1; *see also* Proposed Complaint at 3 (alleging Plaintiff is "the sole author and copyright owner of the screenplay and motion picture For Lila").

Plaintiff had until January 14, 2026 to provide proof of service of the Complaint on Defendant. *See* D.E. 22. He has not. Despite Plaintiff's failure to serve, Defendant filed a motion to dismiss and a motion seeking to subpoena records to document Plaintiff's harassment of him. *See generally* Mot. In response, Plaintiff has filed a flurry of improper motions, unduly burdening the Court with meritless or procedurally improper requests. *See, e.g.*, D.E. 22, 27. The Court will not recount Plaintiff's motions in detail but the motions currently pending include: (1) Plaintiff's

2

emergent motion for alternate service to serve Defendant via email, D.E. 29;[1] (2) Plaintiff's motion to file an amended complaint to add IMDb.com and Amazon.com as defendants, D.E. 34; (3) Plaintiff's second emergent motion for alternate service to serve Defendant via email, D.E. 35; (4) Plaintiff's third emergent motion for alternate service to serve Defendant via email, D.E. 36; (5) Plaintiff's motions for striking Defendant's prior filings, precluding Defendant from further filing, and resetting pleading deadlines, D.Es. 41 & 42; and (6) Plaintiff's motion to judicially estop Defendant from advancing any argument that he is a co-owner of the "For Lila" screenplay, D.E. 44.

## II.    LEGAL STANDARD

### A.    Claim Preclusion

Claim preclusion prevents parties from bringing a second suit against "the same adversary based on the same cause of action as the first suit." *Salerno v. Corzine*, 449 F. App'x 118, 122 (3d Cir. 2011) (quoting *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010)). Claim preclusion applies when there has been: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010).

### B.    Federal Rule of Civil Procedure 12(b)(6)

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."

---

[1] It appears that Plaintiff has made repeated attempts to personally serve Defendant by showing up to his home. *See* D.E. 6; *see also* D.E. 40.

*Twombly*, 550 U.S. at 555.  As Plaintiff proceeds *pro se*, the Court holds the Complaint to a less stringent standard than one drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nevertheless, the Court need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## III.    ANALYSIS

The Court will **DISMISS** Plaintiff's claims **with prejudice** based on (1) the CCB's dismissal, on the merits, in the CCB Action; and (2) Plaintiff's inability to sue a joint owner for copyright infringement.  For the reasons provided below, the Court will **GRANT in part** and **DENY in part** Defendant's Motion to Dismiss.

### A.    The CCB's Judgment Bars Plaintiff's Action

In the CCB Action, Plaintiff challenged Defendant's public display of "For Lila" and alleged that Defendant's actions infringed Plaintiff's copyright.  The CCB dismissed Plaintiff's claim after reviewing the parties' agreement and finding that because Plaintiff had granted Defendant an ownership interest in the copyright of the "For Lila" film, Plaintiff could not bring an action against Defendant for infringement of that copyright.  Plaintiff has therefore received a final judgment on the merits.  *See Angel v. Bullington*, 330 U.S. 183, 190 (1947) ("[T]he merits of a claim are disposed of when they are refused enforcement.").

Plaintiff also brings his action against the same party and challenges the same conduct: Defendant's purportedly unauthorized public dissemination of "For Lila."  Defendant is therefore entitled to the benefit of the CCB's judgment in the CCB Action.  *Davis v. Wells Fargo*, 824 F.3d 333, 342 (3d Cir. 2016); *see also Astoria Fed. Sav. And Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991) ("We have long favored application of the common-law doctrines of collateral estoppel (as

4

to issues) and res judicata (as to claims) to those determinations of administrative bodies that have attained finality.").

### B.    Joint Ownership Bars Plaintiff's Action

Notwithstanding the prior action, Defendant's joint ownership of the "For Lila" film necessarily dooms any claim Plaintiff brings against him of copyright infringement.  *See Brownstein v. Lindsay*, 742 F.3d 55, 68–69 (3d Cir. 2014).  Plaintiff attempts to circumvent that outcome by alleging that he is the sole copyright owner of the underlying screenplay, but he does not allege that Defendant has publicly displayed or distributed the underlying written work.  It is therefore immaterial who owns the copyright over the underlying screenplay because Plaintiff's claims are based upon the display of the "For Lila" *film*, an audiovisual work that Plaintiff agreed to work with Defendant on and which both parties hold a joint copyright over.  Because amendment would therefore be futile,[2] this Court will **DISMISS** Plaintiff's action *with prejudice*.

### C.    The Court Will Deny Plaintiff's Other Motions and Defendant's Requests for Subpoenas

It appears that Defendant seeks to subpoena records in support of seeking sanctions against Plaintiff.  Because the Court will **CLOSE** this case and **DISMISS** Plaintiff's action *with prejudice*, the Court will **DENY** Defendant's request as **MOOT**.[3]  The Court will also **DENY** as **MOOT** Plaintiff's various other pending motions at D.Es. 29, 34, 35, 36, 41, 42, 44, 45, 50, and 53.

---

[2] "[A] court may dismiss a claim with prejudice based on "bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir.1993); *see also* 3 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 15.15 (3d ed. 2021) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").

[3] To the extent Defendant seeks records to support some potential investigation into Plaintiff's harassment of him, *see* D.E. 14 (Defendant requesting referral to the U.S. Attorney for an

## IV.   CONCLUSION

Having determined that (1) the CCB's judgment in *Bryant v. Myers*, 25-CCB-397 and (2) Defendant's joint ownership of the "For Lila" film bars Plaintiff from asserting any cause of action based upon Defendant's public display of the "For Lila" film,

**IT IS**, on this 27th of February 2026

**ORDERED** that Defendant's Motion to Dismiss, D.E. 23, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED** *with prejudice*; and it is further

**ORDERED** that Defendant's request for subpoenas is **DENIED**; and it is further

**ORDERED** that Plaintiff's other pending motions, D.Es. 29, 34, 35, 37, 41, 42, 44, 45, 50, and 53 are **DENIED** as **MOOT**; and it is further

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff via regular mail; and it is finally

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

_____
Evelyn Padin, U.S.D.J.

---

investigation into retaliatory conduct, witness intimidation, and fraudulent filings), it is the executive branch that "has exclusive authority and absolute discretion to decide whether to prosecute a case." *Stolt-Nielson S.A. v. United States*, 442 F.3d 177, 183 (3d Cir. 2006) (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)).  The Court would therefore have no role in supporting such an investigation.

6