**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAITRON BRYANT,<br>Plaintiff,<br>v.<br>MALIK MYERS, *et al.*,<br>Defendants. | No. 25cv16688 (EP) (AME)<br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Pending before the Court is *pro se* Plaintiff Kaitron Bryant's Motion to Vacate the Court's February 27, 2026 Memorandum Order, D.E. 55 ("Dismissal Order"), D.E. 60 ("Motion to Vacate"), and Motion to Stay Pending Appeal, D.E. 61 ("Motion to Stay"). Plaintiff's complaint alleged that *pro se* Defendant Malik Myers infringed Plaintiff's copyrights by publicly screening the "For Lila" film. D.E. 1 at 1 ("Complaint" or "Compl."). Defendant has not opposed either motion.

The Court decides the Motions without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court withdraws its prior claim preclusion analysis, but will **DENY** the Motion to Vacate because the Court's independent co-ownership ruling remains a sufficient basis for dismissal. The Court will also **DENY** the Motion to Stay.

## I. BACKGROUND

This Court previously granted Defendant's motion to dismiss. Dismissal Order. The Dismissal Order dismissed Plaintiff's complaint on two grounds: (1) the Court concluded that the Copyright Claims Board's ("CCB") prior dismissal opinion ("CCB Dismissal Order") precluded Plaintiff's claims; and (2) "[n]otwithstanding the prior action," the Court independently concluded

that Defendant held an ownership interest in the "For Lila" film and therefore could not be liable to Plaintiff for infringing the jointly owned audiovisual work. Dismissal Order at 5. Plaintiff now moves for relief pursuant to Federal Rule of Civil Procedure 60(b)(3), arguing that Defendant fraudulently mischaracterized the CCB proceeding and that the Court erred by treating the CCB's dismissal without prejudice as a final judgment on the merits. Motion to Vacate at 1–3.

## II. ANALYSIS

### A. Motion to Vacate

#### *1. Legal standard*

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Those limited circumstances include:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) motions are "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967), *cert. denied*, 389 U.S. 1014 (1967). As a result, the movant carries a "heavy burden." *Id.* A judicial error of law may qualify as a "mistake" under Rule 60(b)(1). *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). But Rule 60(b) authorizes relief from a judgment, it does not require reopening a case when correcting an asserted error would not change the judgment. *See Morency v. City of Allentown*, No. 20-3469, 2021 WL 3719220, at *5 n.35 (3d Cir. Aug. 23, 2021) (affirming

denial of Rule 60 relief where the material the movants presented would not have altered the original judgment).

Plaintiff invokes Rule 60(b)(3), alleging that Defendant committed fraud on the Court, leading to a clear error of law. *See* Motion to Vacate. To prevail on a Rule 60(b)(3) motion, a plaintiff must show by clear and convincing evidence "that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). The Rule "is aimed at judgments [or orders] which were unfairly obtained, not at those which are factually incorrect." *Norton v. Mylan N.V.*, No. 22-1206, 2026 WL 1213381, at *1 (D.N.J. May 4, 2026). For example, failure to disclose or produce evidence requested in discovery can be a sufficient basis for relief from judgment under Rule 60(b)(3). *Stridiron*, 698 F.2d at 207.

Because Plaintiff is proceeding *pro se* and also asserts that the Court committed legal error, the Court liberally construes the Motion to Vacate as invoking Rule 60(b)(1) as well. *See Kemp*, 596 U.S. at 533–34.

*2. Analysis*

Plaintiff has not established fraud or misconduct under Rule 60(b)(3). He alleges that Defendant "knowingly misrepresented" the CCB's decision as a "binding determination" and attempted to "bamboozle" the Court by asserting that the CCB had determined Defendant was a co-owner of the film. Motion to Vacate at 1. But Defendant submitted the CCB dismissal order itself, and Plaintiff does not allege that the document was altered, concealed, or otherwise incorrectly presented. In fact, Plaintiff relies on the same CCB dismissal order in seeking relief here. *Compare* Motion to Vacate at 3 ("CCB Dismissal Order"), *with* D.E. 23 at 10.

Plaintiff also had a full opportunity to oppose Defendant's motion to dismiss and submit the materials he believed relevant. A disputed characterization of an available record, without evidence that the opposing party concealed or falsified the record or otherwise prevented a fair presentation, does not satisfy Rule 60(b)(3). *See Stridiron*, 698 F.2d at 207.

The Court nevertheless agrees that the CCB's Dismissal Order should not have been treated as claim preclusive. The CCB addressed Defendant's ownership interest in the film and stated that Plaintiff's claim "cannot prevail," but it expressly dismissed the claim "without prejudice" through its compliance review process. CCB Dismissal Order. A dismissal expressly entered without prejudice ordinarily does not operate as a final judgment on the merits for purposes of claim preclusion. *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610–11 (3d Cir. 2020). The Court therefore no longer relies on claim preclusion as a basis for dismissal.

That correction, however, does not justify vacating the Dismissal Order's judgment. The Dismissal Order independently held that, regardless of the CCB proceeding, Defendant's ownership interest in the "For Lila" film defeated Plaintiff's infringement claim against him because a copyright co-owner generally may use or license the jointly owned work without committing copyright infringement against another co-owner. Dismissal Order at 5; *see Brownstein v. Lindsay*, 742 F.3d 55, 68 (3d Cir. 2014); *Marino v. Usher*, 673 F. App'x 125, 127 n.2 (3d Cir. 2016) (quoting *Cortner v. Israel*, 732 F.2d 267, 271 (2d Cir. 1984)) ("It is elementary that the lawful owner of a copyright is incapable of infringing a copyright interest that is owned by him; nor can a joint owner of a copyright sue his co-owner for infringement.").

The Court explained that because Plaintiff challenged Defendant's display of the completed film—not use of the underlying screenplay—it was "immaterial who owns the copyright over the underlying screenplay." Dismissal Order at 5.

Plaintiff's Motion to Vacate does not challenge that independent conclusion. Plaintiff does not explain why the Court misread the parties' agreement, why Defendant lacked an ownership interest in the film, or why a co-owner may be liable for infringing the jointly owned work. Although the Court liberally construes Plaintiff's filings given his *pro se* status, the Court may not invent an argument that Plaintiff has not made. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013).

Plaintiff does argue in his separate Motion to Stay that the Court recognized Defendant's ownership interest without a signed transfer pursuant to 17 U.S.C. § 204(a). Motion to Stay at 1. But even treating Plaintiff's argument as challenging the co-ownership ruling, it does not demonstrate legal error. Section 204(a) governs transfers of copyright ownership, it does not establish that every ownership interest must arise through a transfer, rather than through initial joint authorship. *See Brownstein*, 742 F.3d at 63, 68–69. Plaintiff's undeveloped assertion therefore does not undermine the Court's independent conclusion that Defendant held an ownership interest in the film.

Plaintiff's failure to challenge the Dismissal Order's second independent ground is dispositive. Because courts "exercise[s] their discretion under Rule 60(b) with caution," relief should only be granted "where the challenged ruling reflects a fundamental flaw that would change the outcome of the case." *Mansaray v. Kirtland*, No. 25-102, 2025 WL 2371865, at *2 (W.D. Pa. Aug. 14, 2025) (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999)). Rule 60(b) affords relief from an erroneous *judgment*, not from a change in the Court's reasoning that would not alter the judgment.

When the asserted correction would not alter the original judgment, denial of a Rule 60(b) motion is appropriate. *Carson v. N.J. Dep't of Corr.*, No. 16-5163, 2019 WL 4645363, at *2

(D.N.J. Sept. 24, 2019) (denying Rule 60(b) motion because the plaintiff's arguments "would not have changed the outcome of Defendant's motion"); *see also Morency*, 2021 WL 3719220, at *5 n.35 (same).

Additionally, a party's failure to challenge an independent basis supporting the judgment leaves that independent basis intact. *Nagle v. Alspach*, 8 F.3d 141 (3d Cir. 1993) (affirming because "even if we held for appellants on both asserted allegations of error, two unchallenged bases would remain").

Accordingly, although the Court agrees that the CCB Dismissal Order was not claim preclusive, Plaintiff has not established that he is entitled to relief from judgment because the independent co-ownership ruling remains a sufficient basis for dismissal, and Plaintiff has not shown that ruling to be erroneous. The Court will therefore **DENY** the Motion to Vacate, and the judgment dismissing the action will remain in effect.

**B. Motion to Stay**

Plaintiff also moves for a stay pending his appeal to the Third Circuit pursuant to Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8. In considering whether to issue a stay pending appeal, the Court considers the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). The first two factors are the most important. *In re Revel AC, Inc.*, 802 F.3d 558, 569 (3d Cir. 2015). A movant must show a reasonable chance of prevailing on appeal—more than a negligible possibility—and that irreparable injury is likely, not merely possible or speculative. *Id.* at 568–

71. If the movant fails to make the required threshold showing on either factor, a stay "should be denied without further analysis." *Id.* at 571 (citation omitted).

Plaintiff has not satisfied either threshold requirement.

*First*, although Plaintiff correctly identifies an error in the Court's claim preclusion analysis, he has not shown a reasonable likelihood of obtaining reversal of the Dismissal Order's judgment because he has not effectively challenged the independent co-ownership ruling. As explained above, Plaintiff has not demonstrated that the Court erred in concluding that Defendant held an ownership interest in the film or that Defendant could be liable for infringing a film that he co-owned. As a result, Plaintiff has not made the required "strong showing" that he will succeed on appeal.

*Second*, Plaintiff has not established a likelihood of irreparable harm. To demonstrate a likelihood of irreparable harm, a movant must demonstrate a "presently existing actual threat," not merely speculative injury. *United States v. Wiggins*, Crim. No. 21-630, 2023 WL 8868445, at *3 (D.N.J. Dec. 22, 2023) (citations omitted). Plaintiff asserts that he will "suffer irreparable harm through continued exploitation and market impairment of federally registered works," but Plaintiff submits no declaration, evidence of an imminent screening or transaction, or other concrete facts showing that such harm is likely during the appeal. *See* Motion to Stay at 1.

More critically, the Dismissal Order merely dismissed and closed the action. It did not authorize Defendant to use the film, transfer ownership, cancel Plaintiff's registration, or impose any affirmative obligation capable of being stayed. Staying the dismissal therefore would not prevent the conduct Plaintiff fears. *See Smith v. Manasquan Bank*, No. 18-48, 2018 WL 2958664, at *2 (D.N.J. June 13, 2018) (denying a stay in part because it would not "alleviate or avoid harm").

Nor has Plaintiff shown that denial of a stay would moot the appeal or otherwise prevent the Third Circuit from granting effective relief.

Although the Court need not analyze the remaining factors, *In re Revel AC, Inc.*, 802 F.3d at 571, they do not change the result. Defendant has an interest in the finality of the judgment, and the public interest does not favor staying an order when doing so would neither prevent the asserted harm nor preserve a threatened appellate remedy.

The Court will therefore **DENY** the Motion to Stay.

## III. CONCLUSION AND ORDER

**IT IS**, on this **11th** day of August, 2026,

**ORDERED** that Plaintiff's Motion to Vacate, D.E. 60, is **DENIED**. In denying the Motion to Vacate, the Court no longer relies on the claim preclusion rationale in the February 27, 2026 Memorandum Order, D.E. 55; the judgment, however, remains supported by the Court's independent co-ownership ruling and remains in effect; and it is further

**ORDERED** that Plaintiff's Motion to Stay, D.E. 61, is **DENIED**; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff via regular mail.

Evelyn Padin, U.S.D.J.